EVELYN DIANNE BEECHAM,          )
                                )
        Plaintiff/Appellee,      )
                                )        Appeal No.
                                )        01-A-01-9512-CH-00552
VS.                             )
                                )        Lawrence Chancery
                                )        No. 7205-95
TOM WAYNE BEECHAM,              )
                                )
        Defendant/Appellant.     )

FILED

June 28, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF LAWRENCE COUNTY
AT LAWRENCEBURG, TENNESSEE

THE HONORABLE JIM T. HAMILTON, JUDGE

PAUL A. BATES
CHRISTOPHER V. SOCKWELL
BOSTON, BATES & HOLT
235 Waterloo Street
P. O. Box 357
Lawrenceburg, Tennessee 38464
        Attorneys for Plaintiff/Appellee

RANDY HILLHOUSE
FREEMON & HILLHOUSE
327 West Gaines Street
P. O. Box 787
Lawrenceburg, Tennessee 38464
        Attorney for Defendant/Appellant

AFFIRMED AS MODIFIED
AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

The issues raised in this divorce case involve the award of alimony, attorney's fees, and discretionary costs. We modify the lower court's judgment to delete the award of alimony in solido. Otherwise, we affirm.

## I.

The parties were divorced by a decree of the Lawrence County Chancery Court on July 19, 1995 ending a twenty-six year marriage. After dividing the marital property, the chancellor ordered Mr. Beecham to pay $10,000 as alimony in solido, $750 per month for five years as rehabilitative alimony, $4,612.50 in attorney's fees, and $786.50 in discretionary costs.

The proof showed that the parties had four children, one of whom was still a minor. Ms. Beecham works as a special education assistant earning $8,770 per year. Mr. Beecham earns approximately $37,000 per year working for a construction company. Neither party has a college degree. At the trial Ms. Beecham proved specific acts of cruel and inhuman treatment and an adulterous affair by Mr. Beecham.

## II.

Mr. Beecham contests the alimony award. As noted, the trial judge awarded $10,000 as alimony in solido and $750 per month as rehabilitative alimony for five years. We agree that the alimony in solido award should be reversed.

Ms. Beecham was awarded the major marital asset, the home of the parties. Aside from Mr. Beecham's pension plans, which he cannot begin to draw from until he reaches age sixty-five, the only assets awarded to him were some old automobiles, some farm equipment, a 1992 Thunderbird, and a 1992 Mustang. Although the two late-model cars were of some value, Mr. Beecham testified without contradiction that they belonged to two of his children. Mr. Beecham admitted that his name was previously on a savings account containing $11,854.10, but he testified that it belonged to one of his children, and the trial judge did not deal with it in the final decree. The trial judge did find that Mr. Beecham had failed to account for his income for the past several years; Mr. Beecham said only that he had spent it on tires, cars, and automobiles. Nevertheless, there is no specific property of a substantial value out of which we could make a $10,000 award to Ms. Beecham. See Tenn. Code Ann. § 36-5-102. An award of alimony in solido should not be awarded out of the expectation of future earnings. *Aleshire v. Aleshire*, 642 S.W.2d 729 (Tenn. App. 1981).

Otherwise, we think the rehabilitative alimony award was within the trial judge's discretion and should be affirmed.

### III.

Mr. Beecham also contests the award of attorney's fees to Ms. Beecham. On appeal he argues that the award was too high and that Ms. Beecham had not shown any need for the additional form of alimony. However, this court has held that "[t]he amount of alimony and counsel fees to be awarded in a divorce suit is largely in the discretion of the trial judge and the appellate courts will not interfere except upon a clear showing of abuse of such discretion." *Crouch v. Crouch*, 53 Tenn. App. 594, 605, 385 S.W.2d 288, 293 (1964).

At the beginning of the trial Ms. Beecham's attorney submitted an affidavit showing he had spent 30.75 hours on the case up to that point. The trial judge awarded a fee of $4,612.50 in addition to the $375.00 awarded at the pendente lite hearing. Taking into account the factors listed in D.R. 2-106 of the Code of Professional Responsibility and the reluctance of the appellate courts to interfere with the allowance of attorney's fees by the trial courts, "unless . . . some injustice has been perpetrated", *Conners v. Conners*, 594 S.W.2d 672 (Tenn. 1980), we think the amount of the award should not be disturbed.

As to the question of need, we think that fact has been adequately established. Without the $10,000 award of alimony in solido, Ms. Beecham did not receive any liquid assets except her checking account containing $200. Therefore, we think the trial judge acted properly in awarding the attorney's fees in this case.

## IV.

Mr. Beecham also contests the order requiring him to pay the 1994 taxes on the parties' home, to pay one-half of Ms. Beecham's car note, and to pay a court reporter's fee and an appraisal fee as discretionary costs. See Rule 54.04(2), Tenn. R. Civ. Proc. Without taking up the items separately we think the court acted within its discretion. See *Lock v. National Union Fire Insurance Co.*, 809 S.W.2d 483, 489-490 (Tenn. 1991), for a discussion of Rule 54.04.

The judgment of the court below is modified to delete the award of alimony in solido. Otherwise, the judgment is affirmed and the cause is remanded to

the Chancery Court of Lawrence County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

- 5 -

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE